## JOE PARKER v. THE STATE.

*No. 3096. Decided March 7.*

1. **Overseer of Road — Failure, etc., to Perform Duties as, Not Criminal Unless Wilful.** — In order to warrant the conviction of an overseer of a public road for failure, neglect, or refusal to perform the duties of his office, it devolves upon the State to show that such failure, etc., on his part was wilful; that is, with evil intent, with legal malice, without legal justification, and with no reasonable ground to believe his action legal.

2. **Same—Overseer is Chargeable with Reasonable Diligence Only.**—Such overseer is only charged with reasonable diligence and effort in the discharge of his duty, and can not be held criminally responsible for failing to keep his road in repair when it is shown that to do so, with the means available to him, is an impossibility. If he exercises reasonable diligence and effort, wilful failure, neglect, or refusal to discharge his duty can not be imputed to him.

3. **Same—Evidence.**—See the opinion for facts held insufficient to show a wilful dereliction of duty and insufficient to support the conviction.

APPEAL from the County Court of Gonzales. Tried below before Hon. B. R. Abernethy, County Judge.

The opinion states the nature of the case and the evidence sufficiently. The penalty assessed was a fine of $10.

*Glass & Burgess,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Appellant has been convicted as a road overseer under the provisions of article 409, Penal Code, in wilfully failing, neglecting, and refusing to keep the road, bridges, and causeways in his precinct in repair for more than twenty days.

The evidence shows that appellant had not been regularly appointed and commissioned by the Commissioners Court, but was appointed by the county judge to fill a vacancy under provisions of article 4394, Revised Statutes.

It seems he did all he could to summon his hands to work said road, many of whom denied his authority and refused either to work or pay—all of whom when prosecuted by him had been acquitted. It appears that he worked all the hands who obeyed his summons, and collected pay from those who were willing to pay in lieu of work.

It was shown that it was utterly impossible for him, even if he had been able to control and use all the means and appliances to which he was entitled, to put a portion of said road in good or even passable condition.

We are of the opinion the verdict and judgment are against the evidence and should not be permitted to stand.

"In order to warrant the conviction of an overseer of a public road for failure, neglect, or refusal to perform the duties of his office, it devolves upon the State to show that such failure, neglect, or refusal on his part was wilful; that is, with evil intent, with legal malice, without legal justification, and with no reasonable ground to believe his action legal. Such overseer is only charged with reasonable diligence and effort in the discharge of his duty, and can not be held criminally responsible for failing to keep his road in repair when it is shown that to do so with the means available to him is an impossibility. If he exercises reasonable diligence and effort, no wilful failure, neglect, or refusal to discharge his duty can be imputed to him." Moore v. The State, 27 Texas Ct. App., 439.

Because the evidence is wholly insufficient, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.